IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAYA BABA as administratrix of the estate of GHASSAN RADWAN BABA,

Plaintiff,

v.

SHERIFF JEFF CRISCO *et al*,

Defendants.

1:24CV923

# ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case rises out of an incident in which a law enforcement officer allegedly shot and killed Ghassan Radwan Baba, the brother of plaintiff Maya Baba. Docket Entry 1 ¶¶ 8, 20–38. Baba sued, claiming excessive force and failure to properly train under the U.S. Constitution, negligence, gross negligence, wrongful death, and intentional infliction of emotional distress under North Carolina tort law, and deprivation of life outside the law of the land under the North Carolina constitution. *Id.* ¶¶ 39–95.

Baba has sued two groups of defendants: those connected to the sheriff's office (Sheriff Jeff Crisco, Deputy Josiah Garret, and Cincinnati Insurance Company) and those connected to the North Carolina State Highway Patrol (the Highway Patrol and Officer Michael McCormick). *Id.*

These two groups are represented by different counsel. This Order and Recommendation will refer to the latter, collectively, as "Highway Patrol."

The case is now before the Court on Highway Patrol's motion to strike Baba's expert report, Docket Entry 31, and Highway Patrol's motion for an extension of time to respond to discovery requests, Docket Entry 36. Baba's response to the latter motion is not due until March 17, 2026. However, given the time-sensitive nature of Highway Patrol's extension request and the close relationship between this motion and the fully briefed motion to strike, "the Court deems it appropriate to rule upon the motion without awaiting a response." *Wood v. Wade*, No. 5:14-CT-3271-FL, 2016 WL 2637822, at *1 (E.D.N.C. May 6, 2016); *see also Wheel*

*Recovery Sys., LLC v. Nichols*, No. 3:22-CV-342-DCLC-DCP, 2022 WL 19076611, at *1 (E.D. Tenn. Nov. 2, 2022) ("[G]iven that the motion is time sensitive, the Court will adjudicate it prior to it becoming ripe.").

The Court grants the motion for an extension of time. Additionally, the undersigned recommends that the Court deny the motion to strike Baba's expert report. In accordance with this recommendation, the Court extends the defendants' expert disclosure deadline to February 21, 2026 and the close of discovery to March 25, 2026.

I. BACKGROUND

Baba's official deadline for disclosure of expert reports was October 15, 2025, and the defendants' deadline was November 17, 2025. Text Order, 07/17/2025. However, the parties made an informal agreement extending Baba's expert report disclosure deadline to January 12, 2026 and that of the defendants to February 12, 2026. Docket Entry 32-3 at 1–2. The informal deadlines did not conflict with the official close of discovery on March 16, 2026. *See* Text Order, 07/17/2025.

On January 16, 2026—four days past Baba's informal expert report disclosure deadline—Baba's attorney emailed the defendants' attorneys asking to be allowed until January 21, 2026 to serve Baba's expert report. Docket Entry 32-6 at 2. The sheriff's attorney agreed, but Highway Patrol's attorney did not. Docket Entry 32-6 at 1–2. Baba's attorney served the expert report on January 21, 2026. *See* Docket Entry 32-8.

II. MOTION TO STRIKE

Highway Patrol seeks to exclude Baba's expert testimony. Docket Entry 31. The undersigned recommends that the Court deny Highway Patrol's motion.

A. Baba's Disclosure Was Deficient.

Federal Rule of Civil Procedure 26(a) requires that expert disclosures "be accompanied by a written report . . . prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). The rule further requires that the report contain:

(1) A "complete statement of all opinions the witness will express and the basis and reasons for them;"

(2) The "facts or data considered by the witness in forming them;"

(3) Any "exhibits that will be used to summarize or support them;"

(4) The "witness's qualifications, including a list of all publications authored in the previous 10 years;"

(5) A "list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and"

2

(6) A "statement of the compensation to be paid for the study and testimony in the case."

*Id.* Additionally, a "party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Here, Baba provided an expert report for Julia C. de la Garza-Jordan, M.D., on January 21, 2026. Docket Entry 32-8. It states that Dr. de la Garza-Jordan plans to testify that the medical examiner's autopsy and investigation following Ghassan Baba's death did not follow industry standards and that the evidence does not follow the pattern expected with a self-inflicted wound. *Id.* at 1–2. The report lists the opinions Dr. de la Garza-Jordan will express and the basis and reasons for them, *id.* at 1–3, the facts or data considered by Dr. de la Garza-Jordan, *id.* at 3, any exhibits that will be used, *id.*, Dr. de la Garza-Jordan's qualifications, including a list of all publications authored in the previous 10 years, *id.* at 6–14, and a statement of the compensation paid to Dr. de la Garza-Jordan, *id.* at 3–4.

However, the report suffered from three deficiencies: (1) it was not signed by Dr. de la Garza-Jordan, (2) it did not list the cases in which Dr. de la Garza-Jordan has testified as an expert in the past four years,[1] and (3) Baba produced it several months past the court-mandated deadline and nine days past the parties' agreed-upon deadline.

B. The Deficiencies Were Harmless.

If a party "fails to provide information or identify a witness as required by Rule 26(a)," then "the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors:"

(1) "the surprise to the party against whom the evidence would be offered;"

(2) "the ability of that party to cure the surprise;"

(3) "the extent to which allowing the evidence would disrupt the trial;"

(4) "the importance of the evidence; and"

---

[1] The report does, however, promise to eventually provide these. Docket Entry 32-8 at 3.

3

(5) "the nondisclosing party's explanation for its failure to disclose the evidence."

*S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *accord Consumer Fin. Prot. Bureau v. Nexus Servs., Inc.*, 156 F.4th 443, 457 (4th Cir. 2025); *see also White v. City of Greensboro*, 532 F. Supp. 3d 277, 300 (M.D.N.C. 2021) (declining to exclude expert testimony because a "failure to provide a written report, while unjustified, may be harmless and subject to cure"), *reconsidered on other grounds*, 586 F. Supp. 3d 466 (M.D.N.C. 2022).

Under these factors the deficiencies are harmless. Only the fifth factor—the nondisclosing party's explanation—weighs in favor of sanctions. The "explanation" subsection of Baba's response brief discusses the fluidity of the parties' informal agreement, the lack of bad faith, the curability of the defects, and the disproportionality of exclusion as a sanction, but never provides a concrete reason for the deficiencies.[2] *See* Docket Entry 33 at 10–12.

But the remaining factors weigh strongly in Baba's favor. The defendants' Answers allege that Ghassan Baba died of a self-inflicted wound, Docket Entry 10 ¶ 32; Docket Entry 12 ¶ 32, making Dr. de la Garza-Jordan's contrary testimony important. And surprise and trial disruption are not serious concerns. The disclosure occurred roughly eight months before trial,[3] two months before the discovery ended, three weeks before the defendants' informal expert disclosure deadline, and only nine days after Baba's informal deadline. To the extent that those nine days prejudice the defendants, that prejudice can be cured by the less severe remedy of giving the defendants an additional nine days to produce their expert reports and complete overall discovery.

C. Highway Patrol's Other Arguments Fail.

Highway Patrol argues that the deficiencies are harmful because they prevented Highway Patrol from deposing Dr. de la Garza-Jordan. *See* Docket Entry 32 at 7–8; Docket Entry 35 at 4. Highway Patrol's reasoning is that the lack of signature means that Baba's attorney, rather than Dr. de la Garza-Jordan herself, prepared the expert disclosure, preventing it from being a true "report" under Rule 26(a)(2)(B). A party may depose an expert "only after the [Rule 26(a)(2)(B)] report is provided." Fed. R. Civ. P. 26(b)(4)(A).

---

[2] In the parties' emails, Baba's counsel blamed the one-day Verizon outage for the delay, *see* Docket Entry 32-6 at 1–2, but the response brief does not invoke this as an explanation for the deficiencies, *see* Docket Entry 33 at 10–12.

[3] The Court has tentatively scheduled a jury trial for October 5, 2026. Docket Entry 27.

4

This argument is not persuasive. The report is narrated from Dr. de la Garza-Jordan's point of view. *See generally* Docket Entry 32-8. Further, Highway Patrol does not allege that it attempted to depose Dr. de la Garza-Jordan and could not do so due to a lack of report. Had Highway Patrol determined that the deficiencies precluded deposing Dr. de la Garza-Jordan, it could have filed a motion to compel Baba to cure those deficiencies.

Highway Patrol did not do so, suggesting its intent to strike important evidence rather than cure procedural harm. *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 506 (D. Md. 1997) (describing the decision of whether to file a motion to compel versus a motion to exclude as a "tactical" one that hinges on whether the movant believes it is more important to avoid surprise or prevent the expert from testifying).

Highway Patrol also argues that sanctions are appropriate under Rule 37(b) for failure to comply with a court order. Docket Entry 32 at 10–12. This argument is a nonstarter. All parties in this case agreed not to comply with the Court's expert disclosure deadlines, and a failure to adhere to an informal deadline does not trigger the draconian remedies of Rule 37(b).

Accordingly, it is recommended that the Court deny Highway Patrol's motion to strike Baba's expert disclosure. In accordance with this recommendation, the Court extends the defendants' expert disclosure deadline to February 21, 2026 and the close of discovery to March 25, 2026, to cure any prejudice to defendants caused by Baba's late expert disclosure.

### III. MOTION FOR AN EXTENSION

Highway Patrol has also moved for an extension to respond to Baba's discovery requests. Docket Entry 36. A party must respond to discovery requests within thirty days. *See* Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A)(requests for production). To extend this deadline, a party must show good cause. *See* Fed. R. Civ. P. 6(b).

Here, Baba served its requests for production on January 29, 2026; the defendants' response deadline was thus February 28, 2026. But as previously discussed, Baba also served its expert disclosure nine days past the parties' informal deadline, potentially impeding the defendants' preparation. The Court therefore grants the motion and extends the defendants' response deadline to March 13, 2026.

### IV. CONCLUSION

**IT IS ORDERED** that the defendants shall have until March 13, 2026 to respond to Baba's discovery requests served January 29, 2026.

**IT IS RECOMMENDED** that the Court **DENY** Highway Patrol's motion to strike Baba's expert report. In accordance with this recommendation, the Court **EXTENDS** the defendants' expert

reports deadline to February 21, 2026 and the close of discovery to March 25, 2026.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

March 13, 2026
Durham, North Carolina